

**IT IS ORDERED as set forth below:**

Date: December 11, 2023

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| **KELVIN CONRAD WATERS, SR.,** | CASE NO. **23-59554-PMB** |
| Debtor. | CHAPTER 13 |
| **GREEN PRAIRIES, LLC**, | |
| Movant, | |
| v. | CONTESTED MATTER |
| **KELVIN CONRAD WATERS, SR.,** | |
| Respondent. | |

**ORDER (I) DENYING MOTION TO CORRECT IDENTITY AND
CONVERT CASE, (II) GRANTING MOTION FOR RELIEF FROM STAY,
AND (III) GRANTING MOTION TO EXTEND TIME TO FILE SCHEDULES**

This case came before the Court for a virtual hearing on November 9, 2023 (the "Hearing") on the following matters:

(1) *Amended Motion to Terminate Stay and to Authorize Movant to Take Possession of Collateral and Waiver of Hearing Pursuant to U.S.C. § 362(e)*, filed by Green Prairies, LLC ("Green Prairies") on October 12, 2023 (Docket No. 22)(the "Motion for Relief from Stay");

(2) *Debtor's Response in Opposition to Green Prairies, LLC's Motion to Terminate Stay and to Authorize Movant to Take Possession of Collateral and Waiver of Hearing Pursuant to U.S.C. § 362(e)*, filed by the above-named Debtor (the "Debtor") on October 26, 2023 (Docket No. 32)(the "Debtor's Response");

(3) *Motion to Correct Identity of Debtor and to Convert Case to Chapter 11* filed by the Debtor on October 17, 2023 (Docket No. 25)(the "Initial Motion to Correct"), and *Amended Motion to Correct Identity of Debtor and to Convert Case to Chapter 11* filed on November 3, 2023 (Docket No. 33)(the "Amended Motion to Correct"; collectively, with the Initial Motion to Correct, the "Motion to Correct");

(4) *Respondent Green Prairies, LLC's Response in Opposition to Debtor's Motion to Correct Identity of Debtor and to Convert Case to Chapter 11*, filed by Green Prairies on October 19, 2023 (Docket No. 28)("Green Prairies' Response"); and

(5) *Second Motion for Extension of Time for Filing Schedules, Statement of Financial Affairs, and Chapter 13 Plan*, filed by the Debtor on October 19, 2023 (Docket No. 27)(the "Motion to Extend Time").

Present at the Hearing were the Debtor, counsel for the Debtor, counsel for Green Prairies, and counsel for the Chapter 13 Trustee (the "Trustee"). At the conclusion of the Hearing, the Court took these matters under advisement. This Order constitutes the ruling of the Court.

2

**Facts**[1]

The Debtor is the sole owner of Life Christian Academy School of Performing Art L.L.C. (the "School"), which itself owns property located at 5370 Ash Street in Forest Park, Georgia (the "Property").  The School also owns the building located on the Property, where it conducts its operations.  In October of 2021, the School executed a commercial promissory note and deed to secure debt and security agreement in favor of Synovus Bank in connection with a loan for $1,141,338.  In early 2023, Synovus assigned the loan and related documents to Green Prairies.  After the School failed to remit payment under the terms of the loan, Green Prairies made demand for it to cure the deficiency.  When the School did not bring the account current, Green Prairies began advertising the Property for sale by nonjudicial foreclosure to be held on October 3, 2023.

On September 29, 2023 (the "Petition Date"), the Debtor filed the above-styled chapter 13 bankruptcy case (the "Bankruptcy Case") on an "emergency basis" *pro se*.  The Debtor now states that it was his intention in filing this case to protect the Property from foreclosure and reorganize the School's financial obligations.  This is plausible, given the circumstances with the School and the loan from Green Prairies.[2]  However, that is not what the Debtor did.  Instead, the Debtor completed the *Voluntary Petition for Individuals Filing for Bankruptcy*, rather than the *Voluntary Petition for Non-Individuals Filing for Bankruptcy* and entered his own name, Kelvin Conrad Waters, Sr., rather than the School's name, on this filed document. (Docket No. 1)(the "Petition").[3] He also entered other personal information in the Petition.  More specifically, on Page 1 of the

---

[1] Neither party put on evidence at the Hearing.  Based on the representations by counsel and the docket in this case, these facts did not appear to be disputed by either party.

[2] Based on some of the mistakes in the Petition and related documents, however, it is also plausible that the Debtor thought he owned and operated the School and the Property in his own name.  *See* notes 4 and 5, *infra*; *but see* note 6, *infra*.

[3] Apparently, a petition preparer assisted the Debtor in the filing of the Petition and charged him a $1,000 fee.

3

Petition, the Debtor put his name and the last four (4) digits of his Social Security Number. On Page 2, he put his personal address. At the top of each of Pages 2-10 he handwrote his full name next to the preprinted phrase "Debtor 1". He signed the Petition three (3) times, at the bottom of Pages 7-9, with his own name, never indicating that he was signing on behalf of anyone else. Neither the name of the School or its address appears anywhere in the Petition.[4] In addition, the Debtor commenced a Chapter 13 case, for which the School is not an eligible debtor. *See* 11 U.S.C. § 109(e).

The Debtor filed three (3) other documents contemporaneously with the Petition – (1) a Form B121 (Statement About Your Social Security Numbers), (2) a Pro Se Affidavit to Accompany Petition for Order of Relief, and (3) a Certificate of Counseling. In the first document, the Debtor included both his Social Security Number and the School's tax ID number, the latter number next to instructions asking for any tax ID number that "you" have used. Again, neither the name of the School nor its address appears anywhere in this document. In the second document, the names of both the Debtor and the School[5] are handwritten at the top of the document where the name of the debtor is to appear. The remainder of the document identifies a petition preparer that helped the Debtor complete the paperwork and contains a certification that the Debtor has not previously filed for bankruptcy.[6] The third document certifies that the Debtor, an individual, took the required credit counseling. At the bottom, the document states in relevant part: "<u>Individuals</u> who wish to file a bankruptcy case under title 11 of the United States Bankruptcy

---

[4] The federal tax ID number for the School does appear on Page 2. On Page 4, in answer to the question "[a]re you the sole proprietor of any full or part time business", the "yes" box is checked, but the blanks for the name of the business and its address are not completed. The instructions on the side of the page indicate that this question is not for a business operated as a separate entity, including in an LLC.

[5] The name of the School is, however, missing the "LLC" at the end.

[6] As to the Debtor, this is not true. The Debtor has filed two (2) prior cases in this District – Case Nos. 99-78062 and 11-63822, both Chapter 7 cases filed more than a decade ago.

4

Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services . . ." (emphasis added).

Green Prairies conducted the foreclosure sale on October 3, 2023 (the "Foreclosure") and purchased the Property for the amount of its debt. Green Prairies contends that notwithstanding its valid foreclosure on the Property and its demand to vacate, the School refuses to surrender possession of the Property. In the Motion for Relief from Stay, Green Prairies seeks an order stating that it is entitled to take possession of the Property in enforcement of its state law and contract rights, as no stay was ever in place with respect to the School and the Property. In addition, there is no co-debtor stay since the debt at issue is a business debt and a Chapter 13 debtor's stay does not extend to his business. *See* 11 U.S.C. § 1301; *In re Penn*, 2010 WL 9445533, at *4 (Bankr. N.D. Ga. Apr. 2, 2010).

The Debtor counters that he filed the Bankruptcy Case in his capacity as the School's sole owner and agent, but it was treated as a filing in his name in his personal capacity. The Debtor admits he made certain mistakes in the filing of the Petition, including listing the wrong name of the debtor entity intended to be in bankruptcy, using the wrong form, and designating the wrong chapter. Nevertheless, the Debtor insists that his intention to file in the name of the School is evidenced by his use of the School's name and the Property's address, along with the Debtor's name, on the *Pro Se Affidavit to Accompany Petition for Order of Relief* (Docket No. 3), and under Part 1, Question 4 of the Petition, where the School's Employer Identification Number is provided.[7] Although the Debtor indicated that he was a sole proprietor of a business (Question

---

[7] As noted previously, the Debtor also provided his Social Security Number in Question 3 on the Petition, and he signed it in his own name to it three (3) times. As also noted above, both numbers were also entered on the *Statement About Your Social Security Numbers* filed at Docket No. 2.

5

12), he did not list its name or location in the Petition, and never stated anywhere that he was signing the Petition solely in his capacity as an agent for the School.

The Debtor subsequently retained counsel to correct his errors. Shortly after the Foreclosure and seven (7) days after the Petition Date, on October 6, 2023 the Debtor filed *Debtor's Amendments* to the Petition (Docket No. 16)(the "Amendments") to reflect the business name of the School as the debtor in this Bankruptcy Case. The Initial Motion to Correct was filed on October 17, 2023, eighteen (18) days after the Petition Date.

## Summary of the Argument

In the Motion to Correct, the Debtor seeks to correct the name associated with the Bankruptcy Case by having the Petition construed as being filed in the name of the School. Alternatively, the Debtor seeks to have the School named as the allegedly properly intended debtor of record herein based on the Debtor's timely amendment to the Petition in exercise of his absolute right to amend under Federal Rule of Bankruptcy Procedure ("Rule") 1009(a). *See Matter of Gershenbaum*, 598 F.2d 779, 780 (3d Cir. 1979)(debtor maintains discretion and authority to amend documents "as a matter of course"); *see also In re Doan*, 672 F.2d 831 (11th Cir. 1982) (acknowledging court's lack of discretion regarding an amendment in the absence of bad faith). Moreover, according to the Debtor, judges may not create exceptions to a debtor's rights as provided by law in a bankruptcy case, including the right to amend under Rule 1009 as analogized to 11 U.S.C. § 522. *See Law v. Siegel*, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014) (construing 11 U.S.C. § 522).[8]

The Debtor further contends that if his right to amend is not acknowledged, his *pro se* Petition should be liberally construed so that his errors in preparing and filing that document are

---

[8] *Doan, supra,* was abrogated in *Law v. Siegel* to the extent that the Supreme Court held that bankruptcy courts have no authority to override express provisions of the Bankruptcy Code using Section 105 thereof.

6

not used against him to frustrate his intent to file for bankruptcy protection on behalf of the School, especially since it is referenced in the filing documents. The Debtor was the only person who could have acted for the School. In addition, the Debtor states relief is appropriate here since the School meets the qualifications as a Chapter 11 debtor. The Debtor further alleges that the School can present a confirmable consensual plan of reorganization under subchapter V, thus showing the filing of the Bankruptcy Case and proposed conversion are in good faith. *See* 11 U.S.C. §§ 1307(d) & (g); *see also In re Elwell*, 2020 WL 762214, *2 (Bankr. D. Conn. Feb. 14, 2020); *In the Matter of Strug-Division*, LLC, 375 B.R.445, 449 (N.D. Ill. 2007).

The Debtor also urges the Court not to deny this relief because to do so would prematurely and unnecessarily terminate any prospect of reorganization for which the School is eligible under 11 U.S.C. § 109(d). The Debtor asserts that he filed the Bankruptcy Case due to unexpected expenses in connection with roof repairs on the Property in the month prior to the filing of the Petition, which were paid instead of the mortgage, and this was a one-time occurrence. The Debtor further asserts that the School employs twelve (12) teachers, has an enrollment of approximately two hundred fifty (250) students, and has sufficient revenue to continue operations and pay its mortgage going forward in support its desire to seek recourse under Chapter 11 and keep the School open.[9]

Green Prairies states that the relief available under Rule 1009 does not extend to retroactively amending the name of the debtor in a filed bankruptcy case. *See In re Olson*, 253 B.R. 73 (B.A.P. 9th Cir. 2000)(petition may not be amended to commence a joint case by adding a debtor using Rule 1009); *In re Kirkus*, 97 B.R. 675 (Bankr. N.D. Ga. 1987)(debtor not entitled

---

[9] Should the Court find that the debtor in this case is Mr. Waters and not the School, the Debtor submits that this is an appropriate instance for imposing a retroactive stay for the benefit of the School as a non-debtor business under 11 U.S.C. § 105(a). The Debtor further maintains that relief is warranted here since there is equity in the Property, it is needed for an effective reorganization, and such a reorganization is in prospect. *See* Debtor's Response at 3-5.

7

to add spouse as joint debtor by amending petition).  Moreover, Green Prairies asserts that the Debtor here is not just seeking to change the name of the debtor; rather, he is attempting to substitute a new and different debtor.  Green Prairies insists that the Debtor is merely attempting to "shoehorn" the School into this Bankruptcy Case even while conceding that this entity, as an LLC, is not even eligible to be a debtor under Chapter 13.  Further, Green Prairies notes that the Debtor could not have filed for the School *pro se* as it is an entity and must be represented by counsel.  Green Prairies' Response, at 4-5, citing *In re HRN Group, LLC*, 2019 WL 6045478, at *7 (Bankr. N.D. Ga. Nov. 13, 2019).

Green Prairies also contends that if the School is allowed to 'substitute in' as the debtor and seek conversion, the Bankruptcy Case should be dismissed as a bad faith filing under *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) as a mere effort to delay the legitimate enforcement of collection rights in an abuse of the reorganization provisions of the Bankruptcy Code.  In addition, the Bankruptcy Case qualifies as a single asset real estate case arising from a two-party dispute and bears indicia of bad faith as enunciated in *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394-95 (11th Cir. 1988)(citations omitted).

## Discussion

The Debtor asserts that he may fix the mistakes that were made in connection with the filing simply by amending the Petition as of right pursuant to Rule 1009(a).  However, the scope of Rule 1009(a) is not as expansive as the Debtor contends.  Rule 1009(a) allows for certain amendments, yet by its terms application of this Rule presumes the existence of a petition to be amended and a debtor to amend it.  In other words, although the contents of a petition can be liberally amended, the petition itself cannot be amended to change it into something else, i.e., another petition.  "In considering whether Rule 1009(a) would permit such an amendment, one

8

court has said that '[n]o one would seriously argue that the rule would permit an amendment to substitute a new and different debtor.'" *In re Le La Nails, LLC*, 2022 WL 3568023, at *5 (Bankr. C.D. Ill. Aug. 18, 2022), quoting *In re Clinton*, 166 B.R. 195, 198 (Bankr. N.D. Ga. 1994). Further, "[t]he *Clinton* court went on to explain that '[t]he identity of the debtor and the debtor's estate obviously cannot be a moving target that leaves trustees and creditors guessing whether an amendment may retroactively invoke the automatic stay to protect a totally different entity than the one identified in the original petition.'" *Le La Nails, supra*, quoting *Clinton, supra*. In *Clinton*, the court held that a debtor-wife, having already filed her *individual* Chapter 13 petition and created her bankruptcy estate, could not amend it to add her husband as joint debtor. In *Le La Nails*, the court denied an attempt to substitute a 'correctly named, existing debtor' for the non-existent corporate entity in whose name the petition was initially filed. Similarly, in the case of *In re Lary*, 2009 WL 6498526, at *1 (Bankr. N.D. Ga. Jan. 12, 2009), the court denied an individual chapter 7 debtor's amendment seeking to substitute a corporate entity as the debtor in his case.

Additional considerations also bear on the Debtor's request. First, a separate legal entity holding property, such as the School, must file its own bankruptcy petition to benefit from the protection offered through the commencement of a bankruptcy case. *See Penn, supra*, 2010 WL 9445533, at *2, citing *Kreisler v. Goldberg*, 478 F.3d 209, 213-14 (4th Cir. 2007).[10] Second, since the School is a separate legal entity, the Debtor is not permitted to file a *pro se* petition for it in any event. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), cited in *Shofur LLC v. Fitzpatrick*, 2022 WL 17078017, at *2 (N.D. Ga. Mar. 3, 2022). Third, if the Petition was altered to make the School the debtor, the Bankruptcy Case would be subject to dismissal as an

---

[10] As noted by Green Prairies, under Georgia law, "[i]t is well settled that a corporation is a separate entity, distinct and apart from its stockholders." *In re Bilbo*, 20l4 WL 689097, at *5 (Bankr. N.D. Ga. Feb. 5, 2014)(quoting *Clark v. Cauthen*, 239 Ga. App. 226, 227 (Ga. App. 1999)(internal quotations and citations omitted)).

9

improper filing, since only individuals qualify for relief under Chapter 13. *See* 11 U.S.C. §§ 109(e); 1307(c).[11]

Finally, granting the Motion to Correct would likely not provide the benefits that the Debtor ultimately seeks. For the Property to continue to be owned by the School such that it can provide a basis for a reorganization of the School, what the Debtor must have is relief that makes the School the debtor in this case, and makes that characterization effective as of the Petition Date. Any relief short of that means the Foreclosure sale took place, the School no longer owns the Property, and a reorganization of the School is no longer possible. It is not clear to this Court that any relief it could provide, even if it permitted amendment to the Petition as requested, would relate back to the Petition Date and provide the School with an effectively retroactive[12] automatic stay.[13] Accordingly, only the Debtor was protected by the stay during the Foreclosure, and no automatic stay was in place with respect to the School or the Property at that time.

The hurried filing of the Petition by the Debtor, *pro se*, in the manner and form completed may have been an unfortunate mistake that the Debtor would like now to remedy; unfortunately, it is a mistake that this Court is not empowered to remedy.[14]

---

[11] More specifically, only individuals with regular income are eligible to be a debtor in a case under Chapter 13. *See* 11 U.S.C. § 109(e).

[12] *See Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. _, 140 S. Ct. 696, 701, 206 L.Ed.2d 1 (2020)(bankruptcy court cannot enter *nunc pro tunc* orders to 'create facts' that did not exist as of the effective date of same to change the record). Cases limiting the scope of *Acevedo* have addressed the tension between that case and the statutory authorization under Section 362 to "annul" the stay, none of which is applicable here.

[13] As Green Prairies rightly contends, there is no co-debtor stay in favor of the School in this instance because the subject debt is a business debt, not a consumer debt, and an individual Chapter 13 debtor's stay does not extend to the protection of his business or its assets. 11 U.S.C. § 1301; *Penn, supra*, 2010 WL 9445533, at *4; *see also In re Johnson*, 608 B.R. 784, 789 (Bankr. S.D. Ga. 2019).

[14] In terms of granting retroactive relief in connection with the automatic stay, other than cases discussing the annulment of the stay as noted above, the Court has found no authority to support the argument that a stay may be retroactively imposed in the circumstances presented here where the intended beneficiary, as a separate entity from the named originally filing debtor, was not itself named in the Petition commencing the Bankruptcy Case.

**Conclusion**

Upon consideration of the Motion to Correct and Affidavit of the Debtor attached thereto, the Motion for Relief from Stay, the Motion to Extend Time, the responses to the foregoing as set forth in the pleadings of record, the argument of counsel therein and at the Hearing, and a review of the docket, it is

**ORDERED** that the Motion to Correct is **DENIED**. It is further

**ORDERED** that the Motion for Relief from Stay is **GRANTED**, and the automatic stay of 11 U.S.C. § 362 is **modified** to the extent necessary to permit Green Prairies to exercise its state law and contract rights with respect to the Property located at 5370 Ash Street, in Forest Park, Georgia 30297, including enforcement of any rights it may have to gain exclusive possession of the Property. It is further

**ORDERED** that Green Prairies' request in the Motion for Relief that the requirement of Rule 4001(a)(3) be waived is **denied** such that the fourteen (14) day stay of the relief granted herein from the date of entry of this Order is applicable. Finally, it is further

**ORDERED** that the Motion to Extend Time is **GRANTED** to the extent that the Debtor is allowed twenty-one (21) days from the date of entry of this Order to file his schedules, statements, and Chapter 13 plan.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, counsel for Green Prairies, the Chapter 13 Trustee, the United States Trustee, and all creditors and parties in interest in this case.

**[END OF DOCUMENT]**